TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Omar Vallejo Dominguez*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Vallejo Dominguez, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Macy's Retail Holdings, Inc.,<br>a New York corporation,<br>Synchrony Bank,<br>an Ohio company,<br>Famsa, Inc.,<br>a California corporation, and<br>Chase Bank, USA, N.A.,<br>a national banking association. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COME THE PLAINTIFF, OMAR VALLEJO DOMINGUEZ, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

### VENUE

3.  The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

4.  Venue is proper in the District of Arizona, Phoenix Division.

### PARTIES

5.  The Defendants to this lawsuit are:

    a.  Macy's Retail Holdings, Inc., ("Macy's"), which is a New York corporation that maintains a registered agent in Maricopa County, Arizona

    b.  Synchrony Bank ("Synchrony"), which upon information and belief, maintains registered offices in Ohio and conducts business in Arizona;

c.  Famsa, Inc. ("Famsa"), which upon information and belief, maintains registered offices in California and conducts business in Arizona; and

d.  Chase Bank, USA, N.A. ("Chase"), which upon information and belief, maintains registered offices in New Castle County, Delaware and conducts business in Arizona.

## **GENERAL ALLEGATIONS**

6.  This is an action under the federal Fair Credit Reporting Act ("FCRA") at 15 U.S.C. 1681, *et seq.*

### *The Fair Credit Reporting Act and its requirements*

7.  The Defendants in this case are furnishers.  A Furnisher is a creditor that furnishes its experience with the Plaintiff to the CRAs.

8.  The furnishers of credit reporting activities are governed by the FCRA.

9.  This case involves the Defendants reporting charge offs, month after month ("MCOs") on the Plaintiff's consumer credit files.  The reporting of MCOs is inaccurate, incomplete, unclear, and in violation of the FCRA.

10. Charge-offs are treated as an expense or loss to the creditor.  They are referenced in 15 U.S.C. § 1681c of the FCRA.  Under this paragraph, generally speaking, a charge off may not be reported on a trade line that is older than 7 years, beginning upon the expiration of the 180-day period measured from the delinquency which immediately preceded the charge off.  A charge off is a

singular, onetime event.  Indeed, the Federal Trade Commission has opined that it was Congress' intent in enacting sections 15 U.S.C. §1681c to establish a single date of the delinquency such as to begin the obsolescence period on charge offs.  Indeed, a plain reading of the statute shows as much.

11. In today's society, the ability to obtain credit largely determines one's life style and housing options. A charge off is a derogatory piece of information that depresses one's credit score and the reporting of which makes it difficult, if not impossible, for the Plaintiff to obtain credit.

**Defendant(s) are reporting MCOs**

12. In this case, the following Furnishers are reporting MCOs to the following CRAs, on the Plaintiff's credit files:

   a. Chase is reporting its trade line with MCOs to Trans Union and Experian;

   b. Macys/DSNB  is reporting its trade line with MCOs to Trans Union, Equifax, and Experian;

   c. SYNCB/Dillards is reporting its trade line with MCOs to Trans Union and Experian;

   d. SYNCB/JCP is reporting its trade line with MCOs to Trans Union and Experian; and

   e. FAMSA, Inc. is reporting its trade line with MCOs to Experian.

13. 15 U.S.C. 1692g requires CRAs, upon request, to clearly and accurately disclose all information in a consumer's file.

4

14. In the case before this court, the Defendants, by reporting MCOs, have failed to make the date of the charge off clear to the Plaintiff and others, including credit grantors. Again, a charge off occurs on a singular date. Without the ability to understand this date from the trade line, it's impossible for the Plaintiff to determine the date that the negative trade line should be removed from the Plaintiff's credit report.

15. The information that the Defendants are providing in their trade lines are neither clear nor accurate for the following reasons:

   a. Because the Status section of the trade line for each Furnisher reports the account status as "charge off" and the payment history grid of these trade lines also reports charge offs, month after month, it appears that each Furnisher is charging off the account again, month after month. There is no legitimate reason for reporting the account as a charge off month after month in the payment history section and in the Status section. It's confusing, unclear and inaccurate to anyone who receives the Plaintiff's credit report.

   b. The Defendant Furnishers' trade lines offer the Plaintiff no way to verify when the trade line will be removed from his credit report. Plaintiff has no way to predict his financial future because these MCO trade lines are

an impediment to the Plaintiff seeking new credit and do not give the Plaintiff enough information to predict when they will fall off.

   c. The MCOs are confusing or are potentially unclear to judgment lenders such as mortgage lenders and their underwriters.  These sorts of lenders look beyond the simple credit score to judge whether a consumer meets the guidelines for a mortgage loan.  They review each trade line for content.  MCOs are confusing, or potentially confusing to such mortgage lenders.  There is no legitimate business reason for the Defendants to report charge offs, month after month in a payment grid section of a consumer's credit file when the account has already been tagged in the Status section as a charge off.

16. On or about September 24, 2015, Mr. Dominguez obtained his Trans Union credit file. This showed that Capital One, SYNCB/Dillards, and SYNCB/JC Penney reported multiple charge offs on their Errant Trade Lines.

17. On or about November 25, 2015, Mr. Dominguez obtained his Equifax credit file, which showed that Macys/DSNB was reporting multiple charge offs on its Errant Trade Line.

18. On or about December 1, 2015, Mr. Dominguez obtained his Experian credit file, which showed multiple charge offs on all of the Errant Trade Lines.

19. On or about March 17, 2016, Mr. Dominguez submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing the charge offs on the Errant Trade Lines.

20. Upon information and belief, the CRAs forwarded Plaintiff's consumer dispute to Chase, Synchrony, Macy's, and Famsa.

21. On or about March 31, 2016, Mr. Dominguez received a letter from Experian, which stated that pursuant to 611(a)(3)(A) of the FCRA, it already investigated the dispute and would not reinvestigate the matter. This was just referring to the Errant Chase and Macys Trade Lines, but not the other trade lines.

22. On or about April 1, 2016, Mr. Dominguez received Experian's investigation results. This just addressed the FAMSA Errant Trade Line, and it still showed the multiple charge offs. These dispute results also showed that Chase, DSNB/Macys, SYNCB/Dillards, and SYNCB/JC Penny all retained the multiple charge offs on the Errant Trade Lines.

23. On or about April 6, 2016, Mr. Dominguez received Equifax's investigation results, which showed that Macys/DSNB retained the multiple charge offs on the Errant Trade Line.

24. On or about April 19, 2016, Mr. Dominguez received Trans Union's investigation results, which showed that Chase, Macys/DSNB, and Synchrony Bank retained the multiple charge offs on the Errant Trade Lines.

7

25. None of the Defendants, it appears, have firm policies or procedures in place to prevent the reporting of MCOs or to manage their reporting at all.

26. Since the Defendants lack policies and procedures to refrain from reporting MCOs, they are reporting trade lines with the credit reporting agencies without having adequate policies and procedures in place to assure maximum possible accuracy as required by the FCRA at 15 U.S.C. 1681e(b).  Lacking such policies and procedures, the defendants are causing great financial and credit damage to the consumer and possibly, for a far longer period than they may legally report.   By holding the Plaintiff's credit score under water month after month for an indeterminate time, the Plaintiff's ability to obtain goods, services and credit at reasonable rates, is obliterated.  This practice of reporting MCOs is illegal and violated the FCRA.

27. Upon information and belief, all of the defendants favor this MCO policy.  Credit reporting is a debt collection activity.  The longer that the Defendants can illegally continue to report MCOs on the Plaintiff's credit report, resultantly the longer they can artificially depress the Plaintiff's credit score.  The Defendants' apparent goal is to continue holding the Plaintiff's credit score under water for as long as possible, hoping that at some point, the Plaintiff will come up gasping for air when he/she has an absolute need for an improve score.  When that day comes, the Defendants will hope to get paid.

28. This pattern and practice by the Defendants of reporting MCOs constitutes a willful, or at the very least negligent, violation of the Plaintiff's rights under the FCRA.

29. The damages caused by the reporting of multiple charge offs include angst and emotional distress, financial damage, credit damage, costs, and attorneys' fees.

## COUNT I

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by the CRAs that Plaintiff disputed the accuracy of the MCOs, Macy's willfully failed to conduct a proper investigation of Plaintiff's dispute.

32. Indeed, Macy's was fully aware or should have been aware that its reporting of MCOs in its trade line on the Plaintiff's consumer credit file with Experian, with Equifax and with Trans Union was not only inaccurate, but was illegal.  This Defendant was also fully aware that it was improperly depressing the Plaintiff's credit score, causing great credit harm and damage to his ability to obtain credit.

33. Had Macy's conducted a reasonable reinvestigation, it would have known that there was no reason for it to report its trade line as a charge off in both the payment history grid and the status section of the Plaintiff's credit report.

34. Macy's willfully retained the MCOs making its trade line inaccurate, incomplete, and/or unclear.

35. By retaining the MCOs and directing the CRA(s) to do the same, this defendant willfully violated its duties under the FCRA, causing economic and emotional damages to the Plaintiff.

36. Macy's is liable to Plaintiff for the greater of statutory damages or actual damages sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact.  Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Macy's for the greater of statutory of $1,000 or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees

## <u>COUNT II</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. In the alternative to a Willful Violation of the FCRA, Plaintiff claims that this Defendant negligently violated his rights under this statute.

39. After being informed by the CRAs of Plaintiff's objection to the Defendant's reporting of MCOs,  Macy's negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results of that investigation to the CRAs.

40. Macy's negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Alternatively, Macy's negligently failed to conduct a reasonable reinvestigation and failed to report the results of a reasonable reinvestigation to the CRAs.  Specifically, it failed to direct the CRAs to remove the MCOs from its trade line.

41. As a direct and proximate cause of Macy's' negligent failure to perform its duties under the FCRA, Plaintiff has suffered credit and financial damages, mental anguish, suffering, humiliation, and embarrassment.

42. Macy's is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Macy's for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**COUNT III**</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY**

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. After being informed by the CRAs that Plaintiff disputed the accuracy of the MCOs, Synchrony willfully failed to conduct a proper investigation of Plaintiff's dispute.

45. Indeed, Synchrony was fully aware or should have been aware that its reporting of MCOs in its trade line on the Plaintiff's consumer credit file with Experian, and with Trans Union was not only inaccurate, but was illegal.  This Defendant was also fully aware that it was improperly depressing the Plaintiff's credit score, causing great credit harm and damage to his ability to obtain credit.

46. Had Synchrony conducted a reasonable reinvestigation, it would have known that there was no reason for it to report its trade line as a charge off in both the payment history grid and the status section of the Plaintiff's credit report.

47. Synchrony willfully retained the MCOs making its trade line inaccurate, incomplete, and/or unclear.

48. By retaining the MCOs and directing the CRA(s) to do the same, this defendant willfully violated its duties under the FCRA, causing economic and emotional damages to the Plaintiff.

12

49. Synchrony is liable to Plaintiff for the greater of statutory damages or actual damages sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact.  Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Synchrony for the greater of statutory of $1,000 or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees

## <u>COUNT IV</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY**

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. In the alternative to a Willful Violation of the FCRA, Plaintiff claims that this Defendant negligently violated his rights under this statute.

52. After being informed by Experian and Trans Union of Plaintiff's objection to the Defendant's reporting of MCOs,  Synchrony negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results of that investigation to the CRAs.

53. Synchrony negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Alternatively, Synchrony negligently failed to conduct a reasonable reinvestigation and failed to report the results of a reasonable reinvestigation to the CRAs.  Specifically, it failed to direct by Experian and Trans Union to remove the MCOs from its trade line.

54. As a direct and proximate cause of Synchrony's negligent failure to perform its duties under the FCRA, Plaintiff has suffered credit and financial damages, mental anguish, suffering, humiliation and embarrassment.

55. Synchrony is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FAMSA**

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. After being informed by Experian that Plaintiff disputed the accuracy of the MCOs, Famsa willfully failed to conduct a proper investigation of Plaintiff's dispute.

58. Indeed, Famsa was fully aware or should have been aware that its reporting of MCOs in its trade line on the Plaintiff's consumer credit file with Experian was not only inaccurate, but was illegal.  This Defendant was also fully aware that it was improperly depressing the Plaintiff's credit score, causing great credit harm and damage to his ability to obtain credit.

59. Had Famsa conducted a reasonable reinvestigation, it would have known that there was no reason for it to report its trade line as a charge off in both the payment history grid and the status section of the Plaintiff's credit report.

60. Famsa willfully retained the MCOs making its trade line inaccurate, incomplete, and/or unclear.

61. By retaining the MCOs and directing Experian to do the same, this defendant willfully violated its duties under the FCRA, causing economic and emotional damages to the Plaintiff.

62. Famsa is liable to Plaintiff for the greater of statutory damages or actual damages sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact.  Plaintiff is also entitled to

reasonable attorneys' fees and costs pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a

judgment against Famsa for the greater of statutory of $1,000 or actual damages,

plus punitive damages, along with costs, interest, and attorneys' fees


## COUNT VI

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FAMSA**

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. In the alternative to a Willful Violation of the FCRA, Plaintiff claims that this

Defendant negligently violated his rights under this statute.

65. After being informed by Experian of Plaintiff's objection to the Defendant's

reporting of MCOs,  Famsa negligently failed to conduct a proper investigation

of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results

of that investigation to Experian.

66. Famsa negligently failed to review all relevant information available to it and

provided by Experian in conducting its reinvestigation as required by 15 USC

1681s-2(b).  Alternatively, Famsa negligently failed to conduct a reasonable

reinvestigation and failed to report the results of a reasonable reinvestigation to

the CRAs.  Specifically, it failed to direct Experian to remove the MCOs from its trade line.

67. As a direct and proximate cause of Famsa's negligent failure to perform its duties under the FCRA, Plaintiff has suffered credit and financial damages, mental anguish, suffering, humiliation, and embarrassment.

68. Famsa is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Famsa for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

69. Plaintiff realleges the above paragraphs as if recited verbatim.

70. After being informed by Experian and Trans Union that Plaintiff disputed the accuracy of the MCOs, Chase willfully failed to conduct a proper investigation of Plaintiff's dispute.

71. Indeed, Chase was fully aware or should have been aware that its reporting of MCOs in its trade line on the Plaintiff's consumer credit file with Experian and

with Trans Union was not only inaccurate, but was illegal.  This Defendant was also fully aware that it was improperly depressing the Plaintiff's credit score, causing great credit harm and damage to his ability to obtain credit.

72. Had Chase conducted a reasonable reinvestigation, it would have known that there was no reason for it to report its trade line as a charge off in both the payment history grid and the status section of the Plaintiff's credit report.

73. Chase willfully retained the MCOs making its trade line inaccurate, incomplete, and/or unclear.

74. By retaining the MCOs and directing Experian and Trans Union to do the same, this defendant willfully violated its duties under the FCRA, causing economic and emotional damages to the Plaintiff.

75. Chase is liable to Plaintiff for the greater of statutory damages or actual damages sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact.  Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Chase for the greater of statutory of $1,000 or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees

## COUNT VIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

76. Plaintiff realleges the above paragraphs as if recited verbatim.

77. In the alternative to a Willful Violation of the FCRA, Plaintiff claims that this Defendant negligently violated his rights under this statute.

78. After being informed by Experian and Trans Union of Plaintiff's objection to the Defendant's reporting of MCOs,  Chase negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b) and to report the results of that investigation to the CRAs.

79. Chase negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Alternatively, Chase negligently failed to conduct a reasonable reinvestigation and failed to report the results of a reasonable reinvestigation to Experian and Trans Union.  Specifically, it failed to direct Experian and Trans Union to remove the MCOs from its trade line.

80. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Plaintiff has suffered credit and financial damages, mental anguish, suffering, humiliation, and embarrassment.

81. Chase is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: September 23, 2016

KENT LAW OFFICES

By:   _/s/   Trinette G. Kent_
Trinette G. Kent
Attorneys for Plaintiff,
Omar Vallejo Dominguez